HILL (McKAY v.). See Case No. 8,845.
HILL (McNEIL v.). See Case No. 8,914.

## Case No. 6,495.

### HILL et al. v. MURRAY.

[6 Ben. 141.] 1

District Court, E. D. New York. June, 1872.

SEAMEN'S WAGES—VOYAGE BROKEN UP.

A vessel was run on a reef in a well-known channel, where there was plenty of room, and was lost. The master was a man of experience in the waters, and accounted for the occurrence by his chronometer being wrong. The sailors brought suit against the owner of the vessel, to recover wages for the whole voyage, alleging that the voyage was broken up by fault of the owner. *Held*, that, as it did not appear that the accident was the result of negligence, or incompetency of the master, or that, when the vessel sailed, the chronometer was not a proper one in good order, it could not be held that the voyage was broken up by fault, fraud or neglect of the owner.

[Cited in The Wenonah, Case No. 17,412.]

[This was a libel by Henry Hill and others against Robert Murray, Jr., for wages.]

A. Nash, for libellants.
Goodrich & Wheeler, for respondent.

BENEDICT, District Judge. The demand of the libellants is for wages for the whole of

---

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

a voyage for which they shipped, which, as they aver, was broken up by the fault of the owner. The faults charged are, in providing a negligent or unskillful master, who ran the vessel on shore, and in omitting to furnish the vessel with a proper chronometer, which misled the master as to his position, and caused the accident. The proofs show that the vessel did run on a reef, in the night, in a well-known channel where there was plenty of room, but they fail to show that this accident was the result of the negligence or the incompetency of the master.

The experience of the master in the waters, where the accident occurred, is not disputed, and no particular act of negligence on the part of the master is proved to which the accident is chargeable. The master accounts for the disaster, by the condition of his chronometer, but there is no evidence, that when the vessel sailed from port the chronometer was not a proper one in good order.

Upon such proofs it cannot be held, that the breaking up of the voyage was owing to the fault, fraud or neglect of the respondent. The libel must therefore be dismissed.

## Case No. 6,496.

### HILL v. MYERS.

[5 Cranch, C. C. 484.] 1

Circuit Court, District of Columbia. Nov. Term, 1838.

CAPIAS—AFFIDAVIT.

The affidavit to hold to bail must show that the debt was due at the time of issuing the capias.

[This was a proceeding by Michael Hill against John Myers.]

The affidavit, made after the return of the writ, stated that the debt was "now" due, and did not state that any thing was due at the time of issuing the capias.

THE COURT, at the motion of W. L. Brent, permitted him to appear for the defendant without special bail.

MORSELL, Circuit Judge, absent.